UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**RICHARD SIMONE, JR.,**            )
         **Plaintiff,**  )   **CIVIL ACTION**
                                    )   **NO.  4:19-11070-TSH**
       v.                    )
                                    )
                                    )
**ANDREW MONACO, JOSEPH FLYNN,**    )
**ROBERT QUINN, RICHARD MCKEON,**   )
**THOMAS LENCKI, JR., MARK**        )
**SUTTMEIER, CLARK GEPHARDT,**      )
**JOSHUA TREFRY, STEVEN HALLAM,**   )
**JAMES TOLLNER, JONATHAN**         )
**BOURGET, JONATHAN SANTIMORE,**    )
**DAVID ARMSTRONG, & JARROD**       )
**WOELLER,**                        )
         **Defendants.** )
_____ )

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO VACATE
### (Docket No. 63)

**March 4, 2020**

**HILLMAN, D.J.**

      Richard Simone, Jr. ("Plaintiff") filed this action under 42 U.S.C. § 1983, alleging battery and violations of his Fourth and Fourteenth Amendment rights.  (Docket No. 1).  On November 12, 2019, this Court dismissed all claims against Sergeant Clark Gephardt, Officer Steven Hallam, Sergeant Joshua Trefry, Commissioner James Tollner, and Trooper Andrew Monaco (collectively, the "New Hampshire Defendants"), finding that it could not exercise personal jurisdiction over these individuals.  (Docket Nos. 47, 48).  Plaintiff now moves for the Court to vacate its dismissal orders and transfer his case to the District Court for the District of New Hampshire.  (Docket No. 63).  For the following reasons, the Court ***grants*** the motion.

**Discussion**

Federal Rule of Civil Procedure 54(b) gives the court discretion to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Plaintiff argues that this Court should exercise its discretion to vacate its November 12, 2019, dismissal orders and transfer the case to the District Court for the District of New Hampshire. The Court agrees.[1] In its orders, the Court determined that it could not exercise personal jurisdiction over the New Hampshire Defendants. Section 1406(a) of Title 28 of the U.S. Code provides that, if the court lacks personal jurisdiction

---

[1] Because the Court has not entered final judgment on the dismissed claims, the Court is not convinced that Plaintiff needs to demonstrate the existence of extraordinary circumstances in his motion for reconsideration. *See Pure Distributors, Inc. v. Baker*, 285 F.3d 150, 156 (1st Cir. 2002) ("The remaining claims in that action are awaiting trial, and the district judge, in dismissing Pure's claims, did not enter judgment in favor of Eicotech in accordance with Rule 54(b). As such, the dismissal of Pure's claims remains 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights of all the parties.'" (quoting Fed. R. Civ. P. 54(b))); *see also Cabral v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017) ("Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence, and it is an extraordinary remedy that should be used sparingly. In contrast, under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." (internal quotation marks and citations omitted)); *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015) (explaining that Rule 59(e), which governs reconsideration of final judgments, sets a higher threshold for relief than Rule 54(b), which governs reconsideration of interlocutory orders). *But see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983))); *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) ("[A] court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order."). But even assuming Plaintiff must prove the existence of extraordinary circumstances, Plaintiff has met his burden here. As described in more detail below, dismissal would work a manifest injustice in this case.

2

over a defendant, the court "shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." *See also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–67 (1962). And Section 1631 creates a rebuttable presumption in favor of transfer. 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed . . . ."); *see also Britell v. United States*, 318 F.3d 70, 74 (1st Cir. 2003).

Here, it is in the interests of justice to transfer the case to New Hampshire, where the beatings took place,[2] rather than dismiss the claims against the New Hampshire Defendants for lack of personal jurisdiction. Plaintiff filed the instant action on the last day before the statute of limitations on his claims expired, and there is a significant risk that dismissal in this forum will preclude Plaintiff from pursuing his claims in any other forum. Moreover, there is no indication that Plaintiff filed in the District of Massachusetts in bad faith or to circumvent the applicable statute of limitations. Although the Court determined that it could not exercise personal jurisdiction over the New Hampshire Defendants, Plaintiff's argument in favor of jurisdiction "was not so far fetched as to support a conclusion that the filing here was not in good faith." *Dindio v. First Babylon, Inc.*, 328 F. Supp. 2d 126, 129 (D. Mass. 2004); *see also Cioffi v. Gilbert Enterprises, Inc.*, 971 F. Supp. 2d 129, 139 (D. Mass. 2012). To the contrary, given that Massachusetts does have jurisdiction over other defendants in the case, Plaintiff appears to have made "a good faith mistake in believing that" the District of Massachusetts "had personal

---

[2] The New Hampshire Defendants suggest that the District of New Hampshire may lack jurisdiction over some of the Massachusetts-based defendants. The Court rejects this argument. The relevant contacts (including the effect of any failure to train in Massachusetts) indisputably occurred in New Hampshire. The District of New Hampshire thus has jurisdiction over all defendants in this case.

jurisdiction over" the New Hampshire Defendants. *See Pedzewick v. Foe*, 963 F. Supp. 48, 51 (D. Mass. 1997).

## Conclusion

For the reasons stated above, Plaintiff's motion is ***granted***. (Docket No. 63). The Court vacates its dismissal orders (Docket Nos. 47, 48) and, pursuant to § 1631 and § 1406(a),[3] orders that the case be transferred to the District of New Hampshire.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[3] The Court alternatively finds transfer appropriate under 28 U.S.C. § 1404(a). Plaintiff has requested the transfer, the alleged conduct in this case took place in New Hampshire, and New Hampshire is a more convenient forum than Massachusetts for the dismissed defendants and any witnesses.