UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Simone, Jr.,
    Plaintiff

    v.                                  Case No. 20-cv-336-SM
                                        Opinion No. 2020 DNH 151

Andrew Monaco, et al.,
    Defendants

**O R D E R**

On May 11, 2016, after leading law enforcement officers on a lengthy, multi-state, motor-vehicle pursuit, Richard Simone, Jr., eventually surrendered to police in Nashua, New Hampshire. Officers from Holden, Massachusetts, and Nashua, as well as State Troopers from Massachusetts and New Hampshire, all participated in the pursuit and were present for Simone's "felony stop" arrest. In this litigation, Simone seeks compensation for injuries sustained as a result of physical force used against him by two officers – force that Simone asserts was both excessive and entirely unnecessary.

Pending before the court is a motion to dismiss filed by the two New Hampshire State Troopers who were present for Simone's arrest, but did not use any physical force against him.

Their current supervisor, New Hampshire State Police Colonel Nathan Noyes, joins in that motion. Simone objects, in part. For the reasons discussed, that motion to dismiss is granted in part, and denied in part.

**Standard of Review**

In considering a motion to dismiss, the court accepts all well-pleaded facts alleged in the complaint as true, disregarding legal labels and conclusions, and resolves reasonable inferences in the plaintiff's favor. Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). To avoid dismissal, the complaint must allege sufficient facts to support a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To satisfy the "plausibility standard," the factual allegations in the complaint, along with reasonable inferences, must show more than a mere possibility of liability – "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Lyman v. Baker, 954 F.3d 351, 359–60 (1st Cir. 2020) ("For the purposes of our [12(b)(6)] review, we isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.") (citation and internal punctuation omitted).

In other words, the complaint must include well-pled (i.e., non-conclusory, non-speculative) factual allegations that, if assumed to be true, allow the court to draw the reasonable and plausible inference that the plaintiff is entitled to the relief sought. See Tasker v. DHL Retirement Savings Plan, 621 F.3d 34, 38-39 (1st Cir. 2010).

**Background**

Accepting the factual allegations of the Amended Complaint as true – as the court must at this juncture – the relevant background is as follows.[1]  Simone was wanted in Massachusetts on outstanding arrest warrants.  On May 11, 2016, at approximately 3:30 pm, Trooper Andrew Monaco of the New Hampshire State Police ("NHSP") received a radio call notifying him that Massachusetts State Police ("MSP") troopers were pursuing a vehicle on Route 3, heading into New Hampshire.  That vehicle was driven by Simone.  Shortly thereafter, Trooper Monaco joined the chase and eventually took position as the lead pursuit vehicle.

---

[1] The final moments of the officers' pursuit of Simone, his surrender, and the subsequent use of force were captured on video by a local news team.  That video was broadcast on television and has been widely circulated on the Internet.  Consequently, many of the facts surrounding Simone's arrest are undisputed.

The pursuit ended when Simone drove onto a residential dead-end road in Nashua, New Hampshire.  Officers from the NHSP, MSP, Nashua Police Department, and Holden Police Department were at the scene.  After Simone stopped his vehicle, he held his left hand out of the driver's window to show officers that he was not armed.  The officers (including one K-9 officer) surrounded his vehicle, many with weapons drawn.  Trooper Mark Suttmeier of the NHSP took lead of the "felony stop" and began giving commands to Simone.  He ordered Simone out of the car and onto the ground.  Simone kept his hands raised while he got onto his knees; he put his hands on the ground; and he appears to have been compliant with the officer's directions while assuming a prone position.  Simone was, overall, seemingly compliant and offered no resistance.

At that point, two officers – New Hampshire Trooper Andrew Monaco and Massachusetts Trooper Joseph Flynn rushed to Simone, and began punching him in the face, head, and back while he was laying on the ground and in police custody.  Monaco also struck Simone with his knee several times.  Simone was transported by ambulance to a hospital in Nashua, New Hampshire.  He had pain and suffered bruising to his face, head, neck, shoulders, back, ribs, and left knee.  He also had a laceration on his left ear that required stitches.  He was arraigned the following day and

taken to Hillsborough County House of Corrections. He was, however, still experiencing dizziness, severe pain, blurred vision and decreased hearing in his left ear. In light of those symptoms, a state court ordered that Simone be taken to a hospital in Manchester, New Hampshire for evaluation and treatment. By then, his bruising was more pronounced and both eyes were nearly swollen shut. Doctors concluded that his head pain and blurred vision were likely related to post-concussive syndrome. He was treated and returned to Hillsborough County House of Corrections.

The following day, Simone was examined by a nurse. He was suffering from mydriasis, also known as a "blown pupil." He was again transported to a hospital in Manchester, treated, and released. In the days immediately following his apprehension, Simone had blood in his urine. Since then, Simone says he continues to suffer short-term memory loss, disrupted sleep patterns, impaired vision, reduced hearing in his left ear, and daily headaches. He has been diagnosed with PTSD related to his arrest experience.

Trooper Monaco of the NHSP was subsequently criminally charged with three counts of assault while acting under color of state law. Trooper Flynn, of the MSP, was criminally charged

with two counts of assault while acting under color of state law.  According to the Amended Complaint, each was charged with multiple criminal charges because each assaulted Simone, withdrew, and then assaulted him again.  According to the Amended Complaint, Trooper Monaco pled guilty to assaulting Simone.  Trooper Flynn pled not guilty.  The outcome of his criminal trial is not mentioned in the Amended Complaint.

Simone has sued all defendants named in his Amended Complaint in both their individual and official capacities.

**Discussion**

New Hampshire State Police Sergeant Thomas Lencki, Jr., New Hampshire State Police Trooper Mark Suttmeier, and New Hampshire State Police Colonel Nathan Noyes all move to dismiss the claims asserted against them in Counts Four and Five of the Amended Complaint, arguing that none states a viable cause of action. Simone objects, at least in part.

I.  Count Five – Failure to Train.

In his Amended Complaint, Simone names as a defendant "John Doe, Head of the New Hampshire State Police Department." Defendants have assumed that is a reference to the current director of the NHSP, Colonel Nathan Noyes.

6

Simone alleges that the NHSP, under the supervision of its director, "failed to adequately train Trooper Monaco in the proper procedures for a felony (high risk) stop." Id. at para. 155. Additionally, says Simone, the "NHSP failed to train Troopers or to maintain a policy of intervention when a Trooper witnesses another law enforcement officer engaging in the clear use of excessive force." Id. at 156.

But, as defendants point out, Colonel Noyes was not the director of the NHSP when Simone was assaulted. Thus, Simone cannot plausibly claim that Colonel Noyes knew or should have known that the named New Hampshire State Troopers had received inadequate training. Nor can Simone plausibly claim that, despite such knowledge, Colonel Noyes exhibited deliberate indifference to the unconstitutional effects of those inadequacies. Consequently, Simone cannot state the essential elements of a viable cause of action against Colonel Noyes for failure to train.

Simone does not disagree and he stipulates to the dismissal of Count Five of the Amended Complaint. See Memorandum in Opposition (document no. 126-1) at 10 ("Mr. Simone respectfully will not oppose Defendants' Motion to Dismiss Count V – Violation of 42 U.S.C. § 1983 and § 1988 – as against JOHN DOE,

7

the Director of the New Hampshire State Police."). At the same time, however, Simone asks the court to "stay action on Defendants' Motion to Dismiss as [it] pertains to the Head of the NHSP" so that he may seek leave of the court to further amend his complaint. Id. It is, in short, difficult to understand precisely what Simone agrees to, and what relief he seeks (or plans to seek) with regard to further amending his complaint.

But, this much is clear: the "failure to train" claim against the current Colonel of the New Hampshire State Police, Nathan Noyes, fails to state a viable cause of action and must be dismissed. As discussed more fully below, plaintiff shall, within 45 days of this order, identify the "JOHN DOE" referenced in Count Five of the Amended Complaint and amend his complaint accordingly, failing which, that count shall be dismissed in its entirety. See generally Doiron v. Edmark, No. 16-CV-326-PB, 2018 WL 1441841, at *1 (D.N.H. Mar. 2, 2018); Thomas v. Rhode Island, No. 119CV00015MSMPAS, 2020 WL 1703163, at *1, n.1 (D.R.I. Apr. 8, 2020); Ater v. Bath Police Dep't, No. 2:19-cv-568-JDL, 2020 WL 3578047 (D. Me. June 30, 2020).

II.  Count Four – Failure to Intervene.

In Count Four of his Amended Complaint, Simone alleges that each of the law enforcement officers present at the scene – including Sergeant Lencki and Trooper Suttmeier – had a duty to intervene and stop the unlawful assault upon Simone by Monaco and Flynn.  Their failure to do so, says Simone, "reflects a deliberate indifference to the violation of Mr. Simone's Constitutional rights."  Amended Complaint at para. 148.  Simone also alleges that, "[e]ach officer present at the arrest of Mr. Simone who failed to intervene, who failed to object, or who willingly chose to ignore the violations of Mr. Simone's civil rights is liable for having directly contributed to the violation of Mr. Simone's rights."  Id. at para. 150.

Simone stipulates to the dismissal of Count Four against Sergeant Lencki and Trooper Suttmeier is their official capacities, but not their individual capacities.  He argues that the facts pled in the Amended Complaint, combined with reasonable inferences that can be drawn from those allegations, make it plausible that Lencki and Suttmeier had both the time and an opportunity to intervene to either prevent or, at a minimum, bring to an end, the assault on him by Monaco and Flynn.  Defendants disagree and say the Amended Complaint merely alleges that Lencki and Suttmeier were present at the scene –

9

allegations that are, standing alone, insufficient to state a viable claim that they failed to intervene.

As this court (McCafferty, J.) has previously observed, an officer can, under certain circumstances, be liable for his or her failure to intervene to stop another officer's use of excessive force.

> An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance.  To prevail on a "failure to intervene" claim the following elements must be satisfied: (1) the defendant was present at the scene of the alleged excessive use of force at the time it occurred; (2) the defendant actually observed the alleged excessive use of force; (3) the defendant was in a position where he or she could realistically prevent the alleged use of excessive force; and (4) there was sufficient time available to prevent the alleged excessive use of force.

Burns v. N.H. Correction Corporal FNU Croteau, No. 19-CV-007-LM, 2019 WL 2796407, at *2 (D.N.H. July 2, 2019) (citations and internal punctuation omitted).

Here, the Amended Complaint adequately alleges that Lencki and Suttmeier were present at the scene, observed the use of excessive force against Simone, and were sufficiently close that they could have intervened.  The real question presented is

whether the Amended Complaint adequately alleges (or if it admits of the reasonable inference) that those two officers had sufficient time to intervene to stop the assault upon Simone. The court concludes that the allegations in the Amended Complaint are sufficient to withstand dismissal.

The Amended Complaint's account of the assault upon Simone goes, at least in part, as follows.

> After crossing other officers' lines of fire, Trooper Monaco and Trooper Flynn pounced on Mr. Simone and began to unleash a flurry of blows on Mr. Simone as several other officers pinned Mr. Simone down.
>
> Trooper Monaco and Trooper Flynn worked their way from Mr. Simone's left to his right side, striking repeatedly at Mr. Simone's head, face and back.
>
> Officer Santimore pinned Mr. Simone's legs.
>
> Officer Bourget stood directly over Mr. Simone, watching the assault.
>
> Officers from the Nashua Police tried to place handcuffs on Mr. Simone while he was being beaten.
>
> Trooper Monaco and Trooper Flynn <u>withdrew momentarily, and backed away from Mr. Simone</u>.
>
> Then Trooper Flynn and Trooper Monaco <u>reentered the fr[a]y</u>, throwing and landing more strikes upon Mr. Simone.
>
> Trooper Monaco also struck Mr. Simone violently with his knee multiple times.
>
> Videos of the arrest of Mr. Simone were taken by news helicopters flying overhead.

11

> In those videos, that have been widely circulated, Trooper Monaco and Trooper Flynn can be seen <u>repositioning themselves</u> — and, it appears, attempting to reposition Mr. Simone — so they could get clean shots at Mr. Simone's head and torso.

Amended Complaint at paras. 65-74 (emphasis supplied).

One might plausibly infer that there was adequate time for a nearby officer to intervene based upon Simone's allegations that Flynn and Monaco "withdrew momentarily" from the assault, subsequently "reentered the fray," and, during the course of the assault, "reposition[ed] themselves" and Simone in order to inflict more damage upon Simone.  Of course, whether Simone can actually <u>demonstrate</u> that Sergeant Lencki and/or Trooper Suttmeier had adequate time to intervene is not before the court.  The video(s) of the incident may answer that question, making resolution of this issue (potentially) appropriate for summary judgment.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss (**document no. 112**) is granted in part and denied in part, as follows:

> <u>Count Four</u> of the Amended Complaint, alleging that Sergeant Lencki and Trooper Suttmeier of the NHSP failed to intervene to stop the assault upon Simone is, as to those

12

defendants, dismissed to the extent it asserts claims against them in their official capacities.  The failure to intervene claim against those defendants in their individual capacities remains.

Count Five of the Amended Complaint, alleging that John Doe, Director of the NHSP, failed to properly train members of the NHSP is dismissed in its entirety as against New Hampshire State Police Colonel Nathan Noyes.

Within forty-five (45) days of this order, plaintiff shall identify "John Doe" by name and amend his complaint accordingly.  If he is unable to do so, he shall notify the court and specify the discovery materials he needs to determine John Doe's identity.  Should plaintiff fail to either identify John Doe or notify the court of the need for additional discovery, Count Five of the Amended Complaint shall be dismissed.

Defendant's motion to dismiss for failure to timely serve process (**document no. 111**) is denied.  See generally Endorsed Order Granting Motion to Extend Time to Serve Defendants (April 20, 2020).  See also Fed. R. Civ. P. 4(m).

  **SO ORDERED.**

            _____
            Steven J. McAuliffe
            United States District Judge

August 27, 2020

cc:  Counsel of Record