UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Richard Simone, Jr.,
      Plaintiff

      v.                                    Case No. 20-cv-336-SM
                                            Opinion No. 2022 DNH 027

Andrew Monaco, et al.,
      Defendants


**O R D E R**


The events giving rise to this litigation have been recounted, in detail, in the court's prior orders. It is sufficient to note that in May of 2016, the plaintiff, Richard Simone, Jr., led law enforcement officers from several state and local jurisdictions on a lengthy, multi-state, motor-vehicle chase. That pursuit eventually ended when Simone drove down a dead-end street and was no longer able to evade the police. Following a brief physical struggle with several officers, he was arrested and taken into custody. In this proceeding, Simone seeks compensation for injuries sustained as a result of physical force used against him by two officers – force that Simone says was excessive.

Simone originally named sixteen defendants, including many of the officers who were involved in the pursuit and/or present for his arrest.  He also sued the State of New Hampshire, the Commonwealth of Massachusetts, the City of Nashua, and the Town of Holden.  Nearly all defendants have either been dismissed or settled with Simone.  What remain are Simone's claims against the two officers who physically subdued him: New Hampshire State Police Trooper Andrew Monaco and Massachusetts State Trooper Joseph Flynn.

Simone recently settled his claims against Trooper Monaco and moves the court to dismiss, with prejudice, all of those claims and causes of action.  See Fed. R. Civ. P. 41(a)(2). Trooper Flynn objects.  For the reasons discussed, Simone's motion is granted.

## Discussion

Rule 41 of the Federal Rules of Civil Procedure governs a plaintiff's ability to voluntarily dismiss a federal suit. Under the circumstances presented here, it provides that:

> an action may be dismissed at the plaintiff's request
> only by court order, on terms that the court considers
> proper.  If a defendant has pleaded a counterclaim
> before being served with the plaintiff's motion to
> dismiss, the action may be dismissed over the

> defendant's objection only if the counterclaim can
> remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).  Flynn has not pleaded a counterclaim against the plaintiff, so that is not an issue (nor has he advanced any cross claims against Monaco).

Flynn's opposition to Simone's proposed stipulation of dismissal rests upon vague assertions of "unfair prejudice" to his anticipated trial defense, which he says will attempt to attribute all of plaintiff's injuries to Trooper Monaco.  See Opposition Memorandum (document no. 180) at 2 ("Dismissal of Monaco from this case would prejudice Flynn's defense that Monaco was the sole cause of any injuries to Plaintiff and therefore solely responsible for payment of any damages that may be awarded.  Moreover, Defendant Flynn does not want the dismissal to serve as a bar for his claims and defenses pursuant to DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006); RSA 507:7-e et. seq., or undermine the jury instructions to which he is entitled in his defense.").[1]

---

[1]   In DeBenedetto, the New Hampshire Supreme Court held that, pursuant to N.H. Rev. Stat. Ann. ("RSA") 507:7-e, a jury may apportion damages among all entities that contributed to the plaintiff's injuries, including parties that have settled with the plaintiff as well as tortfeasors not named in the plaintiff's complaint (including those who may be immune from liability).  153 N.H. at 804.  See also State v. Exxon Mobil Corp., 168 N.H. 211, 259-60 (2015).

To successfully thwart Simone's efforts to dismiss his claims against Monaco, Flynn bears the burden of establishing that he would suffer some form of "plain legal prejudice." Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 976 (1st Cir. 2014).  He has failed to do so.

While Flynn's arguments are weak and largely undeveloped, they are not novel.  Similar arguments were presented to – and rejected by – this court in Michnovez v. Blair, LLC, No. 10-CV-110-LM, 2011 WL 3665412 (D.N.H. Aug. 22, 2011).  In Michnovez, the plaintiffs settled their claims against all but one defendant.  Plaintiffs then moved to dismiss all claims against those defendants with prejudice.  The lone non-settling defendant objected.  In resolving that motion, the court first noted that, "Blair [the objecting, non-settling defendant] fails utterly to develop [its] legal argument.  Because it is not the obligation of the court to research and construct the legal arguments open to parties, especially when they are represented by counsel, a district court is free to disregard arguments that are not adequately developed."  Id., at *2 (citations and internal punctuation omitted).

Nevertheless, the court recognized that it was still obligated to independently exercise its discretion under Rule

41(a)(2) and determine whether dismissal of the settling

defendants would unfairly or improperly prejudice the non-

settling defendant.  In concluding that dismissal was proper,

the court reasoned as follows:

> Blair has filed no cross claims against any of the
> [settling] defendants, which severely undercuts
> Blair's claim that it will be prejudiced by dismissal
> of those defendants.  Moreover, the [settling]
> defendants argue, persuasively, that Blair will still
> have an opportunity at trial to apportion fault to
> other entities whether they are parties to the case or
> not, see DeBenedetto v. CLD Consulting Eng'rs, Inc.,
> 153 N.H. 793, 803 (2006), and that the absence of the
> [settling] entities from this case will not foreclose
> subsequent indemnification claims. . . . In sum, given
> Blair's failure to make any kind of legal argument,
> and the persuasive arguments advanced by [the settling
> defendants], the court can see no good reason for
> granting the [settling] defendants any less relief
> than plaintiffs are willing to offer them.

Michnovez v. Blair, LLC, 2011 WL 3665412, at *2 (some citations

and internal punctuation omitted).


So it is in this case.  Trooper Flynn has not developed his

argument in opposition to the plaintiff's motion, nor has he

shown how Monaco's dismissal might "serve as a bar for his

claims and defenses pursuant to DeBenedetto."  Opposition

Memorandum at 2.  In short, Flynn has not identified any reason

to believe that he will be meaningfully prejudiced by the

dismissal of Trooper Monaco from the case.  Trooper Monaco, on

the other hand, points out that he would be unduly and unfairly prejudiced if, despite having resolved all of plaintiff's claims against him, the court required him to remain in the case and forced him to incur ongoing legal expenses.

## Conclusion

In light of the foregoing, and for the reasons set forth in defendant Andrew Monaco's reply memorandum (document no. 181), the court concludes that Trooper Flynn has not shown that the dismissal of Simone's claims against Trooper Monaco will result in any legal prejudice to him.  The terms under which plaintiff has proposed to dismiss those claims are proper.  See Fed. R. Civ. P. 41(a)(2).  Accordingly, plaintiff's "Motion to Accept Stipulation of Dismissal" (**document no. 177)** is granted and all claims and causes of action against defendant Andrew Monaco are dismissed with prejudice.

Finally, the court notes that on November 19, 2021, counsel notified the court that Simone had resolved all of his claims against officers of the Holden Police Department.  Simone now moves, without objection, to dismiss his claims against those defendants.  That motion (**document no. 178**) is also granted and all claims and causes of action against defendants Jonathan

Santimore, Jonathan Bourget, and David Armstrong are dismissed with prejudice.

**SO ORDERED.**

_____

Steven J. McAuliffe
United States District Judge

March 9, 2022

cc:  All Counsel of Record